Case: 6:05-cv-00171-KKC  Doc #: 12  Filed: 08/01/05  Page: 1 of 7 - Page ID#: 38

NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
F I L E D

AUG 0 1 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-171-KKC

CHRISTOPHER WHITE, JR.                                                    PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

CHARLES SAMUELS, WARDEN, FCI-MANCHESTER                  RESPONDENT

Christopher White, Jr., an individual currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1] and "Motion for Order for Validity of Habeas Petition and for Appointment of Counsel" [Record No. 2]. The petitioner has filed a six-page handwritten submission [Record No. 10] which the Court construes as an amendment to his petition for writ of habeas corpus. He has paid the $5.00 filing fee [Record No. 8].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Pertovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous

or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

In February, 1999, the petitioner was convicted of drug and firearm offenses in the United States District Court for the District of Maryland ("the trial court"). He received a 360-month sentence. The Fourth Circuit confirmed his conviction. The petitioner states that he filed a motion in the Fourth Circuit to vacate his conviction under 28 U.S.C. §2255, but that the motion was denied.

In the instant §2241 petition, the petitioner alleges that his sentence was enhanced in violation of the Sixth Amendment. Specifically, he claims that the trial court's enhancement of his sentence was unconstitutional "where no drug quantity was determined." [Petition, § IV (A)] The petitioner claims that his 1999 sentence was illegally enhanced by the Court, not by a jury, in violation of the Sixth Amendment.

In his handwritten amendment, the petitioner relies on two recent Supreme Court decisions. The first is case is *Blakely v. Washington*, 524 U.S. 596, 124 S.Ct. 2531, 159 L. Ed.2d 403 (2004), in which the Supreme Court held that the determinate sentencing system in effect in the state of Washington was invalid on Sixth Amendment grounds. According to *Blakely*, the "statutory maximum" for *Apprendi* [1] purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537.

---

[1]

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000), the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

2

The second case is *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 749 160 L. Ed.2d 621 (2005), in which the Supreme Court held that the Sixth Amendment, as construed in *Blakely*, applies to the federal sentencing guidelines. In *Booker*, the Supreme Court made its *Apprendi* holding applicable to the federal sentencing guidelines. *Apprendi. See Booker*, 125 S. Ct at 756.[2]

## DISCUSSION
### 1. §2255 Remedy not "Inadequate or Ineffective"

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Because the instant petitioner's claim relates to the sentence imposed by the federal district court in the Western District of Virginia, the claim is not ordinarily a cognizable claim for this Court under 28 U.S.C. §2241.

In highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration, rather than going to the trial court with a §2255 motion. This is based on certain language in the fifth paragraph of 28 U.S.C. §2255, which provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of

---

[2] *See also United States v. Oliver*, 397 F.3d 369, 378 (6th Cir.2005). The "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537.

his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit has set out the threshold which must be met by §2241 petitioners who wish the court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255. The appellate court has required first that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as the petitioner in *Martin* did. *Martin*, 319 F.3d at 804-05.

The Court finds that the petitioner has failed to establish either one of the two prerequisites for use of §2241. First, the petitioner does not inform the Court whether he raised his current arguments in his §2255 motion. Assuming for the moment that he did, the fact that he was unsuccessful in advancing his current claims in his §2255 motion would not entitle him to relief in this Court under §2241. Alternatively, assuming that he failed to raise his current claims in his §2255 motion, that failure would not entitle him to relief in this Court under §2241. The remedy under §2255 is not inadequate or ineffective simply because a petitioner has been denied relief under §2255 or permission to file a second or successive §2255 motion. *Charles*, 180 F.3d at 756-58. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id.* at 758.

Second, the petitioner is not asserting a claim of actual innocence of the crime for which he

4

was convicted and sentenced in the trial court. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998). In *Bousley*, the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609. When confronted with a similar claim in this circuit, in *Ward v. Snyder*, 238 F.3d 426, 2000 WL 1871725 (6th Cir. 2000) (unpublished), the appellate court in this circuit cited to *Bailey* and *Charles v. Chandler* and noted that one of Petitioner Ward's failures therein was that he did not "cite to any intervening change in the law which reflects that he may be actually innocent of his crimes." *Id.* at \*\*2. In fact, the Sixth Circuit wrote, "it is unclear whether and to what extent someone like [the petitioner] can show actual innocence in relation to his claims that challenge the imposition of his sentence." *Id.* Additional Sixth Circuit opinions are consistent with the analysis and result herein. *See Szabo v. Snyder*, 83

5

Fed.Appx. 738, 2003 WL 22976633 (6th Cir. 2003) (unpublished); *Leon v. Hemingway*, 53 Fed.Appx. 353 (6th Cir. 2002) (unpublished).

Therefore, the instant petitioner having failed to pass the threshold of demonstrating both that his remedy by a §2255 motion to the trial court is inadequate and ineffective and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, his petition must be denied and his cause dismissed.

### 2. *Blakely* and *Booker* Do Not Apply

Even if the petitioner had demonstrated that he had raised his current claims in the trial court under 28 U.S.C. §2255, dismissal of the instant §2241 petition would still be appropriate. To the extent the petitioner relies on *Booker* and *Blakely*, his reliance on these cases is misplaced.

In *Blakely,* the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. Despite the recent extension of the *Blakely* principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in *Booker* that the new rule cannot be applied retroactively to cases on collateral review.

In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. Feb. 25, 2005); *accord McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005); *see also In re Andersen*, 396 F.3d 1336 (11th Cir. 2005). As this Court

6

is bound by--and in full agreement with--the recently published *Humphress* decision, *Blakely* and its progeny cannot be applied retroactively on collateral review and provide the petitioner with grounds for relief from his conviction and sentence.

The petitioner's claims will therefore be dismissed with prejudice. The plaintiff's request for appointment of counsel will be denied as moot.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The petitioner's "Motion for Order for Validity of Habeas Petition and for Appointment of Counsel" [Record No. 2] is **DENIED**.

(2)     This action will be **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 1st day of August, 2005.



Signed By:
*Karen K. Caldwell*
**United States District Judge**